# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BILBAO, | CASE NO. 1:11-cv–01068-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| K. ALLISON, et al., | (ECF No. 1) |
| Defendants. | THIRTY DAY DEADLINE |

**I.  Screening Requirement**

Plaintiff Anthony Bilbao is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed June 27, 2011. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

**II.     Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Folsom State Prison. The incidents alleged in the complaint occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran. Plaintiff brings this action against Warden K. Allison, Associate Warden A. Hernandez, Correctional Lieutenant D. Goss, Facility Captain V. Vasquez, an unidentified Associate Director of the CDCR ("Doe 1"), and an unidentified Institution Security Captain ("Doe 2"). (Compl. 2-3,[1] ECF No. 1.)

Plaintiff states that on June 21, 2009, following an incident between Southern Hispanic and Northern Hispanic inmates, Defendants Allison, Goss, Hernandez, and Does 1 and 2 decided to

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

lockdown all Hispanic inmates and take away all privileges, such as contact visits, phone calls, educational programs, religious services, and recreational yard. On July 6, 2010, Plaintiff filed an inmate appeal regarding the prolonged lockdown and the discrimination against Hispanic inmates. Plaintiff's appeal was partially granted, but yard and contact visits were never issued. Plaintiff alleges that prison officials have been discriminating against Hispanic inmates, and Defendants Allison, Goss, Hernandez, and Does 1 and 2 have continually used security concerns as a reason to violate his Eighth Amendment rights. Plaintiff contends that he was not involved in any of the incidents and the inmates who were involved are no longer on the general population. (Id. at 4.) Plaintiff is seeking monetary damages and an injunction order the defendants to stop prolonging lockdowns. (Id. at 3.)

### III. Discussion

#### A. Eighth Amendment

Plaintiff alleges that the continued lockdown violated his rights under the Eighth Amendment. While it is unclear precisely what conditions Plaintiff alleges he was subjected to that violate the Eighth Amendment or how long the deprivation lasted, his main allegations appear to be that he was denied "yard" and contact visits. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

1. **Outdoor Exercise**

Under some circumstances, the denial of outdoor exercise may rise to the level of cruel and unusual punishment. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995). However, the right to outdoor exercise is not absolute or unyielding to other considerations. Norwood v. Vance, 591 F.3d 1062, 1068 (9th Cir. 2010). Therefore, whether the denial of outdoor exercise constitutes a constitutional violation is dependent upon the circumstances leading to the denial. Id.

Here, Plaintiff alleges a period of time in which he was denied access to the yard, which the Court construes to be a claim for denial of outdoor exercise. This denial resulted from the placement of the prison on modified program status due to incidents between Southern Hispanic and Northern Hispanic inmates. Based on Plaintiff's allegations, it appears Plaintiff believes that the fact he was deprived of outdoor exercise for this period alone is a violation of his Eighth Amendment rights and is sufficient to state a claim. Plaintiff is incorrect.

Plaintiff's allegations establish that the denial of outdoor exercise was the result of a lockdown, or modified program status, following violence between two groups of Hispanic inmates. Prison officials have the authority to disallow outdoor exercise to protect the safety and security of the institution. Norwood, 591 F.3d at 1069-70. In order to state a viable Eighth Amendment, Plaintiff must allege some facts that would support a claim that in disallowing outdoor exercise as a result of the modified program, prison officials were knowingly disregarding a substantial risk of harm to Plaintiff. Iqbal, 129 S. Ct. at 1949-50. In the context of a lockdown situation, it is not enough to simply assert the denial of outdoor exercise. Iqbal at 1949-50; Norwood, 591 F.3d at 1069.

2. **Contact Visits**

It is well established that prisoners do not have an absolute right to receive visits from family members while they are incarcerated. Dunn v. Castro, 621 F.3d 1196, 1201 (9th Cir. 2010); see also Overton v. Bazzetta, 123 S. Ct. 2162 (2003) (upholding two year ban on visitation); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons other than his immediate family). A denial of access to a particular visitor is well within the terms of confinement contemplated by a prison sentence. Dunn,

621 F.3d at 1201. A denial of contact visits does not amount to the infliction of pain and is part of the penalty that prisons pay for their offense against society. Toussaint v. McCarthy, 801 F.2d 1080, 1113-14 (9th Cir. 1986) (no Eighth Amendment right to contact visits), overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995). Plaintiff's allegation that he was denied contact visits during the lockdown does not demonstrate that he was being subjected to conditions that are sufficiently grave to violate the Eighth Amendment.

### B.  Equal Protection

To the extent that Plaintiff may be attempting to allege an equal protection claim based upon the lockdown of Hispanic inmates, the complaint fails to state a cognizable claim. Plaintiff alleges that prison officials discriminated against all Hispanic inmates during the lockdown. An equal protection claim may be established by showing that the defendants intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); Barren v. Harrington, 152 F.3d 1193, 1194 (1998).

Initially, Plaintiff does not allege that he is a member of a protected class. While Plaintiff alleges that Defendants used security concerns as an excuse for the lockdown which discriminated against Hispanic inmates, the complaint is devoid of any allegation that Hispanic inmates were placed on lockdown, or the lockdown was continued, because of the adverse effect upon the Hispanic inmates. Lee, 250 F.3d at 687.

### C.  Injunctive Relief

In addition to money damages, Plaintiff seeks an injunction requiring prison officials to stop prolonging lockdowns. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S. Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is

whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff's claim arises from the past conditions he was subjected to while the facility was on lockdown. The past actions of the defendants provide no jurisdictional basis for the Court to issue the order sought by Plaintiff. Based on the nature of the claim at issue in this action, Plaintiff is not entitled to injunctive relief, and is confined to seeking money damages for the alleged violation of his rights.

**IV.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

6

114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 27, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   June 22, 2012**                    /s/ **Barbara A. McAuliffe**
                                                     UNITED STATES MAGISTRATE JUDGE